The Honorable Dan Harmon Prosecuting Attorney P.O. Drawer 999 Benton, AR 72015
Dear Mr. Harmon:
This is in response to your request for an opinion concerning the election of aldermen in cities of the first class. You state that your questions pertain to the City of Benton which currently elects its aldermen at-large in accordance with A.C.A. §14-43-307. Your specific questions are as follows:
 1. Whether the city council of the city of Benton has the option of selecting one of the three methods provided in A.C.A. § 14-43-307 for selecting its aldermen?
 2. Whether A.C.A. § 14-42-202 is applicable to the city of Benton since the city is currently electing its aldermen by using the at-large method?
 3. Whether there is any statutory authority for citizens circulating petitions to petition the Circuit Court for an order demanding that a city change its method of electing aldermen?
 4. If the citizens circulating the initiative petitions acquire the sufficient number of qualified signatures to require an election, should the election held be at the next city general election, as mandated in Amendment 7 of the Arkansas Constitution, or should a special election be held?
The answer to your first question is "yes."
The answer to your second question is, in my opinion, "no." Subsection (a)(1)(C)(i) of § 14-42-202 excludes cities "which are divided into wards or districts in which all or more than one-half (1/2) of the total members of the governing bodies of the cities are required to be residents of the ward or district from which they are to be elected and are voted upon by the electors of the city. . . ." A.C.A. § 14-42-202(a)(1)(C)(i) (Supp. 1989). The City of Benton falls within this exception.
With regard to your third question, our research has yielded no state statutory authority for such action.
In response to your final question, it is clear under Amendment 7
to the Arkansas Constitution that all measures initiated by the people "shall be submitted only at the regular elections. . . ." Ark. Const. Amend. 7, "General Provisions." It is therefore my opinion that the measure must be voted on at the general election, rather than at a special election.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb